**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BANGO,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES MAYER and PHILIP M. ANDERSEN & ASSOCIATES,<br><br>        Defendants._____/ | No. 10-04822 CW<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT AND DENYING REQUEST TO APPOINT COUNSEL |

Plaintiff John Bango applies for leave to proceed <u>in forma pauperis</u> (IFP) and requests the appointment of counsel.  The matter was decided on the papers.  Having considered all of the papers filed by Plaintiff, the Court GRANTS the application to proceed IFP and dismisses the complaint.

DISCUSSION

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security.  <u>See</u> 28 U.S.C. § 1915(a).  Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable him to prosecute the action.  Accordingly,

his application to proceed without the payment of the filing fee is GRANTED.

The Court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint.  A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Plaintiff makes the following allegations.  In December, 2006, Plaintiff was permanently injured in an automobile accident caused by Defendant James Mayer.  Plaintiff sued Defendant Mayer.  Defendant Mayer lied and misled the jury.  Defense counsel, presumably Defendant Philip M. Andersen & Associates, told the jury that Plaintiff was a liar, exaggerator and gold digger who pays little taxes as a self-employed handyman.  Defense counsel lied to the jury by citing only a portion of the large medical record, knowing the jury would not take the time to check the entire medical record because it was massive.  Defense counsel also tricked the jury by showing it twelve photographs of Plaintiff's bumper which did not reveal the damage done by Defendant Mayer; only the thirteenth photograph showed the damage.  The expert

**United States District Court**
For the Northern District of California

medical expert for the defense lied to the jury when he stated that Plaintiff would not require future medical treatment.  Defense lawyers played mind games with Plaintiff's medical expert.  The jury decided against Plaintiff.

Plaintiff appealed.  The appellate court ignored Plaintiff's extensive medical evidence and treated the defense's fabrications as facts.  The appellate court failed to address the conspiracy between defense lawyers and their medical witness and suppressed evidence presented by Plaintiff's medical expert.  The appellate court improperly concluded that the jury's verdict was supported by substantial evidence and there was no evidence that the jury did anything wrong.  Apparently, Plaintiff appealed to the California Supreme Court which also ruled against him.

Plaintiff does not specify any causes of action, but states that "the law of injury has to be change [sic]!  you get injured -- you have to get money for injuries. . . . I am asking Federal Court to overturn 'dirty' verdict from The Supreme Court, and reward for my permanent injuries."  Plaintiff seeks $25,000 for past medical expenses, $97,500 for future medical expenses, $585,000 for past and future lost earnings and $1,500,000 for unlimited pain and suffering.

A federal district court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings, even when the challenge alleges that the state court's action was unconstitutional. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); Worldwide

3

Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986).  Stated somewhat differently, federal district courts may not be utilized as appellate tribunals to review errors allegedly committed by state courts.  Turnbow v. Pacific Mut. Life Ins. Co., 934 F.2d 1100, 1103 (9th Cir. 1991); Feldman, 460 U.S. at 476; Rooker, 263 U.S. at 415.  "The rationale behind this doctrine is that the only federal court with the power to hear appeals from state courts is the United States Supreme Court."  Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998); see also 28 U.S.C. § 1257.  Where the district court cannot evaluate the plaintiff's constitutional claims without conducting a review of the state court's legal determinations, the district court lacks jurisdiction.  Worldwide Church, 805 F.2d at 892-893.

To adjudicate Plaintiff's claims, this Court would be required to review a judgment of the state court.  Under the Rooker-Feldman doctrine, this Court lacks jurisdiction to do so.  Therefore, this case is dismissed without leave to amend because amendment would be futile.  Plaintiff's request for the appointment of counsel is denied as moot.

IT IS SO ORDERED.

Dated: 11/30/2010

CLAUDIA WILKEN
United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BANGO et al,

        Plaintiff,

v.

MAYER et al,

        Defendant.

Case Number: CV10-04822 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 30, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Bango
145 Mullen Avenue
San Francisco, CA 94110

Dated: November 30, 2010

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk